# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SAM SCOLA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05-1170-CV-W-FJG |
| COUNTRYWIDE HOME LOANS, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

Pending before the Court are (1) Plaintiff's Motion to Dismiss Without Prejudice (Doc. No. 43); (2) Defendant's Motion for Enlargement of Time and to Amend Amended Scheduling and Trial Order (Doc. No. 40); (3) Defendant's Second Motion for Enlargement of Time and to Amend and to Amend Scheduling and Trial Order (Doc. No. 42); (4) Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment as Untimely Filed (Doc. No. 47); and (5) Plaintiff's Motion for Extension of Time to File Response to Motion for Summary Judgment (Doc. No. 51). Each will be considered below.

**I.     Plaintiff's Motion to Dismiss Without Prejudice (Doc. No. 43)**

Plaintiff requests that this matter be dismissed without prejudice. Specifically, plaintiff argues that he received a copy of his credit report subsequent to the depositions of defendant's employees, and discovered that contrary to defendant's representations made in the depositions, adverse reports have been made on his credit record. Plaintiff suggests that he will need to depose credit reporting company authorities as well as additional employees of defendant to determine why his loan, which he represents was paid off, is still being reported as being more than twelve months delinquent.[1] Further,

---

[1] Notably, according to the Court's Amended Scheduling and Trial Order (Doc. No. 25), discovery closed on September 15, 2006. Plaintiff's Motion to Dismiss Without Prejudice (Doc. No. 43), indicating the need to take additional depositions, was filed on

plaintiff argues that as defendant has been unable to produce any employees who can testify that plaintiff was threatened with foreclosure over a claimed balance owed of $1.60, the threat of action may have been made solely by defendant's attorneys, and therefore those attorneys may need to be added as parties. Plaintiff suggests that in the interests of justice, it would be more appropriate to allow dismissal without prejudice so that plaintiff could conduct additional discovery and inquiries prior to re-filing this case.

Defendant opposes the motion to dismiss without prejudice. Defendant notes that this case was filed more than one year ago, and defendant has conducted significant discovery, including deposing every witness identified in plaintiff's Rule 26 disclosures. Defendant further represents that (1) its corporate representatives flew in from other states to Kansas City to prepare and sit for deposition; (2) plaintiff's motion to dismiss without prejudice came just one day before defendant was set to file its motion for summary judgment; and (3) plaintiff's motion to dismiss without prejudice was filed just eight days after the Court denied plaintiff's motion to identify an expert out of time (see Order, Doc. No. 41). Defendant further states that plaintiff was aware at the outset of litigation that negative credit reporting by Countrywide was being made and that outside counsel was involved in the foreclosure proceedings, and that plaintiff's failure to conduct discovery or seek to add parties is due to plaintiff's lack of diligence.

Fed.R.Civ.P. 41(a)(2) states in part:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

In Minnesota Min. & Mfg. Co. v. Barr Laboratories Inc., 139 F.Supp.2d 1109, 1114 (D.Minn. 2001), aff'd, 289 F.3d 775 (Fed.Cir. 2002), the Court stated:

> The decision to allow a party to voluntarily dismiss an action rests within the sound discretion of the court. Hamm v. Rhone-Poulenc Rorer

---

October 18, 2006.

2

Case 4:05-cv-01170-FJG   Document 52   Filed 11/16/06   Page 2 of 6

Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999). The factors that the court should consider in exercising this discretion are: 1) whether the party has presented a proper explanation for its desire to dismiss; 2) whether a dismissal would result in a waste of judicial time and effort; and 3) whether a dismissal will prejudice the defendant.

In Witzman v. Gross, 148 F.3d 988 (8th Cir. 1998), the Court noted that additional factors courts consider are whether a motion for summary judgment has been filed by the defendant and whether there has been excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action. Id. at 992. Furthermore, "a party is not permitted to dismiss merely to escape an adverse decision." Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999).

In the pending case, the Court finds that an examination of the above-listed factors leads to the conclusion that this matter should not be dismissed without prejudice. Plaintiff's own complaint and Rule 26 disclosures, filed many months before the pending motion to dismiss without prejudice, indicate that plaintiff knew or had reason to know of adverse credit reporting and the involvement of outside counsel. Further, plaintiff could have timely requested extensions of time with respect to discovery deadlines and motions to join additional parties; instead, at the time of the filing of the pending motion to dismiss without prejudice, discovery had been closed for over one month, and the deadline for motions to add parties had passed more than seven months prior. The Court agrees with defendant that this lack of diligence should not be rewarded. Further, this request comes very close in time to the Court's adverse ruling, denying plaintiff's motion to designate his expert witness out of time. Such a dismissal would also be prejudicial to defendant, which has already prepared its motion for summary judgment, and would lead to a waste of judicial resources. Accordingly, plaintiff's motion to dismiss without prejudice (Doc. No. 43) is **DENIED.**

**II. Defendant's Motions for Enlargement of Time and to Amend Amended Scheduling and Trial Order (Doc. Nos. 40 and 42); Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment as Untimely Filed (Doc. No. 47); and Plaintiff's Motion for Extension of Time (Doc. No. 51)**

Defendant has filed two motions for extension of time to file its motion for summary judgment (Doc. Nos. 40 and 42). In its first motion (Doc. No. 40, filed on September 27, 2006), defendant requested a ten day extension of time, from October 2, 2006 (the date established by the Court's Amended Scheduling and Trial Order, Doc. No. 25), to October 12, 2006. Defendant requested this extension of time as plaintiff's motion to designate expert out of time (Doc. No. 28) was pending and had not yet been ruled upon at that time. Plaintiff filed no opposition to defendant's first motion for enlargement of time to file its motion for summary judgment; plaintiff's opposition to this motion was due on October 12, 2006.

On October 10, 2006, this Court entered its Order denying plaintiff's motion to designate expert out of time and granting defendant's motion to strike Dr. Compabasso (Doc. No. 41). On October 11, 2006, defendant filed its second motion for enlargement of time (Doc. No. 42), indicating that the Court's ruling on plaintiff's motion to designate expert out of time had an impact on the summary judgment motion that defendant intended to file, and requesting an additional seven days (in other words, until October 19, 2006) to file its summary judgment motion.

On October 18, 2006, plaintiff filed his suggestions in opposition to the second motion for extension of time (Doc. No. 44), as well as his motion to dismiss without prejudice (Doc. No. 43, discussed above).[2] Plaintiff states that defendant's actions in this matter have been dilatory, noting that "Defendant has, on numerous occasions, indicated to plaintiff's attorney that a settlement offer was forthcoming and despite every

---

[2]Plaintiff states that this issue would be moot if the Court grants his motion to dismiss without prejudice; however, as the Court has already iterated, plaintiff's motion to dismiss without prejudice will not be granted.

consideration to allow extensions of time and every request filed by the defendant, no settlement offer has ever been made and it now appears, defendant wishes to file motions for summary judgments [sic] as opposed to engaging in good faith negotiations." Further, as discussed above in relation to the motion to dismiss without prejudice, plaintiff believes he should be allowed to take further depositions and add parties.

Defendant replies, and this Court agrees, that plaintiff has not demonstrated that he will be prejudiced with the grant of a brief extension of time. Defendant timely requested a brief extension of time, and October 19 (the date upon which defendant actually filed a motion for summary judgment) is a mere four and one-half weeks after the close of discovery. Further, defendant demonstrates good cause for this extension, as the Court had not ruled on plaintiff's motion for leave to designate an expert out of time until after defendant's motion for summary judgment would have originally been due. Plaintiff's allegation that defendant had indicated that a settlement offer would be forthcoming does not change this analysis; defendant is entitled to defend its case, and is entitled to file a motion for summary judgment if it so chooses.[3]

Therefore, defendant's second motion for extension of time (Doc. No. 42) is **GRANTED.** Defendant's motion for summary judgment (Doc. No. 45, filed on October 19, 2006) will be treated as timely filed, and, accordingly, plaintiff's motion to strike defendant's motion for summary judgment as untimely filed and without permission of the Court to do so (Doc. No. 47) is **DENIED.**. Defendant's first motion for extension of time (Doc. No. 40) is **DENIED AS MOOT.** Further, as the currently established deadline for responding to defendant's motion for summary judgment is November 21, 2006, which is less than one week from the date of this Order, plaintiff's motion for extension of time (Doc. No. 51) will be **GRANTED.** Plaintiff's response to defendant's motion for summary judgment will be

---

[3]The Court further notes that defendant indicates in its reply that the parties participated in the Early Assessment Program, and that both parties exchanged settlement demands at that time.

5

due on or before **December 15, 2006.**

    **IT IS SO ORDERED.**

                                                          /s/ FERNANDO J. GAITAN, JR.
                                                        Fernando J. Gaitan, Jr.
                                                        United States District Judge

Dated: November 16, 2006      .
Kansas City, Missouri.