# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SAM SCOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-1170-CV-W-FJG |
| | ) |
| COUNTRYWIDE HOME LOANS, INC., | ) |
| | ) |
| Defendant. | ) |

# ORDER

Pending before the Court are (1) Defendant's Motion for Judgment as a Matter of Law or Alternatively Motion to Dismiss (Doc. # 62); (2) Plaintiff's Motion to Allow Filing of Plaintiff's Witness and Exhibit List Out of Time (Doc. # 64); (3) Plaintiff's Motion to Extend Time to File Stipulated Exhibit List (Doc. # 68); and (4) Defendant's Motion to Strike Plaintiff's List of Witnesses and Exhibits or Alternatively, Motion for Leave to Amend Witness List, Exhibit List, and *In Camera* Witness List (Doc. # 71). Each will be considered below.

I. **Defendant's Motion for Judgment as a Matter of Law or Alternatively Motion to Dismiss (Doc. # 62) and Plaintiff's Motion to Allow Filing of Plaintiff's Witness and Exhibit List Out of Time (Doc. # 64)**

In its motion, defendant seeks judgment as a matter of law or in the alternative to have this case dismissed for plaintiff's failure to meet the Court's witness and exhibit list deadline. Defendant states that plaintiff was required to file the list by January 4, 2007 per the Court's Scheduling Order and did not identify a single witness or piece of

evidence that plaintiff would present at trial.[1]  Defendant's argument is that because plaintiff did not identify any evidence or witnesses, defendant is entitled to judgment as a matter of law given that the fact finder has no evidentiary basis upon which to find for the plaintiff on any of his claims.

On January 12, 2007, this Court ordered plaintiff to show cause why this matter should not be dismissed for failure to comply with the Court's order (Doc. # 63).  Four days later on January 16, 2007, plaintiff responded to defendant's motion and also filed its own motion to allow filing of plaintiff's witness and exhibit list out of time (Doc. # 64) as well as plaintiff's list of witnesses and exhibits (Doc. # 65).  Plaintiff responded to the Court's Order to show cause on January 17, 2007 and referred the Court to plaintiff's response to defendant's motion (Doc. # 66).  Plaintiff opposes defendant's Motion for Judgment as a Matter of Law, but he does not oppose dismissal so long as dismissal is without prejudice.  Plaintiff actually prefers that the matter be dismissed without prejudice.  In supporting plaintiff's request that this matter be dismissed without prejudice, plaintiff argues that defendant would not be harmed or prejudiced because defendant has also requested a dismissal.[2]  Plaintiff also notes that the witnesses and exhibits identified in his list have also been identified in discovery via Rule 26(a) disclosures and that plaintiff does not seek to add new witnesses.

In responding to why plaintiff missed the Court's witness and exhibit list deadline, plaintiff explains that it was inadvertent.  Plaintiff cites three reasons why there was

---

[1] Notably, defendant's motion was filed on January 11, 2007. The deadline in the Court's Amended Scheduling and Trial Order (Doc. # 25) for plaintiff's witness and exhibit list to be submitted was January 4, 2007.

[2] The Court recognizes that defendant is seeking dismissal with prejudice not dismissal without prejudice as characterized by plaintiff.

2

good cause for his failure to meet the Court's deadline: (1) the Court's deadline failed to appear on plaintiff's calendar, (2) plaintiff's counsel explained that he is a solo practitioner who had two associates leave his practice leaving him to handle all of the matters himself, and (3) one of plaintiff's counsel's primary clients died resulting in counsel handling his estate which took up 60% of his time. While plaintiff does recognize that these are not excuses for missing the Court's deadline, it asks the Court to take these circumstances into consideration.

Defendant opposes plaintiff's response in its entirety except that defendant requests for a dismissal with prejudice (Doc. # 70). Defendant states that plaintiff failed to assert anything in opposition to defendant's Motion for Judgment as a Matter of Law and that plaintiff's request to have this matter dismissed without prejudice should be denied. Defendant argues that this Court already considered plaintiff's previous request for dismissal without prejudice in its November 16, 2006 order (Doc. # 52) and denied the request.[3] In this order, the Court stated the defendant would be prejudiced by dismissal without prejudice because defendant had already prepared a motion for summary judgment. Based on the Court's earlier ruling and reasoning in that order, defendant argues that the same circumstances still exist. Defendant notes that the prejudice it would incur would be even greater at this point because the defendant has

---

[3]In the Court's November 16, 2006 Order, the court denied plaintiff's Motion to Dismiss Without Prejudice (Doc. # 43) after considering the following factors: (1) whether the party has presented a proper explanation for its desire to dismiss; (2) whether a dismissal would result in a waste of judicial time and effort; and (3) whether a dismissal will prejudice the defendant, See Minnesota Min. & Mfg. Co. v. Barr Laboratories Inc., 139 F. Supp.2d 1109, 1114 (D. Minn. 2001); (4) whether a motion for summary judgment has been filed by the defendant; and (5) whether there has been excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action. Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998). The Court also noted in its Order that plaintiff could have timely requested an extension of time.

also filed these documents: (1) witness and exhibit lists, (2) *in camera* witness list, (3) deposition designations, and (4) motion to strike plaintiff's list of witnesses and exhibits.

In response to plaintiff's motion to file out of time, defendant not surprisingly opposes plaintiff's motion (Doc. # 69). Specifically, defendant states that under Fed. R. Civ. 6(b), a showing of "excusable neglect" must be demonstrated before the Court can allow a party to complete an act once the deadline has passed. Defendant cites to cases which define excusable neglect as "good faith and some reasonable basis for noncompliance with the rules." *See* Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997), quoting Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996); Sieb's Hatcheries, Inc. v. Lindley, 13 F.R.D. 113, 120 (W.D. Ark. 1952).

Using the above definition, defendant argues that plaintiff's reasons for not meeting the Court's deadline does not constitute excusable neglect. Defendant further argues that a heavy caseload cannot establish excusable neglect and cites to a case in which the court found no excusable neglect where the lawyer was too busy, had a heavy caseload, and failed to mark date correctly on calendar. *See* Arcadia Valley Hosp. v. Bowen, 641 F. Supp. 190, 192 (E.D. Mo. 1986). Defendant goes on to state "[p]laintiff does not explain why during the remaining forty percent (40%) of his time, [p]laintiff's counsel apparently did not once take the time to determine whether there are any upcoming deadlines in this action." Defendant further notes plaintiff missed the deadline by nearly two weeks and did not file his motion or his list until January 16, 2007 and that plaintiff's *in camera* witness list still has not been filed, which was also due on January 4, 2007. Defendant also argues that it will be prejudiced if plaintiff is allowed to file its list out of time because defendant timely filed its witness and exhibit

4

list without being able to consider plaintiff's witnesses or exhibits.

After considering the parties' arguments, the Courts finds that defendant's motion to dismiss this matter **with prejudice** is **GRANTED** (Doc. # 62). The court further finds that plaintiff's motion to allow for filing the witness and exhibit list out of time is **DENIED** (Doc. # 64). Plaintiff has not demonstrated good cause for missing the Court's deadline by nearly two weeks. This Court has previously considered the plaintiff's neglect of the Court's scheduling order when plaintiff designated its expert three months after the Court's June 15, 2006 deadline (Doc. # 41). This Court did not find good cause then when plaintiff cited a "clerical error" and it does not find good cause now when plaintiff attempts to excuse his neglect by explaining to the Court his heavy caseload and the death of his primary client. The Court is not convinced that such circumstances prevented Plaintiff from timely filing a motion for extension of time. Further, plaintiff has known about the Court's deadline well in advance given that the Court's Scheduling Order has been in place for almost a year. Thus, the Court agrees with defendant that "excusable neglect" has not been shown.

In deciding whether to dismiss this matter with or without prejudice, the Court considered plaintiff's arguments and the dismissal factors the Court cited to in its November 16, 2006 order (*See* fn. 3 above). Throughout this case, plaintiff's counsel has blatantly neglected his duty to prosecute this case. Further, the reasons counsel has given to the court for his neglect have been disingenuous. Rather than making attempts to notify the Court of plaintiff's situation, counsel left deadlines dormant with the Court and chose not to act on behalf of his client. This Court does not take lightly dismissing plaintiff's case with prejudice, but plaintiff's counsel has consistently

5

disregarded his duties to this case. The Court will not tolerate such neglect by rewarding plaintiff's counsel with another opportunity to try this case. For the foregoing reasons, plaintiff's case is **DISMISSED WITH PREJUDICE**.

II. **Plaintiff's Motion to Extend Time to File Stipulated Exhibit List (Doc. # 68) and Defendant's Motion to Strike Plaintiff's List of Witnesses and Exhibits or Alternatively, Motion for Leave to Amend Witness List, Exhibit List, and *In Camera* Witness List (Docs. # 71, 72).**

All remaining pending motions are **DENIED AS MOOT**.


Date: 2/9/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge